UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LARRY LLOYD,

                    Plaintiff,

          v.

BRIAN YANKEY, JOHN DOE (NURSE
PRACTITIONER), P.A. JOHNSON,
BRUCE KALER, SUE STEVEN,

                    Defendants.

CASE NO. C12-5913 RJB/KLS

ORDER DENYING MOTION FOR
COUNSEL

Before the Court is Plaintiff's Motion for Appointment of Counsel.  ECF No. 16.  Having

carefully considered the motion and balance of the record, the Court finds that the motion should

be denied.

**DISCUSSION**

No constitutional right exists to appointed counsel in a § 1983 action.  *Storseth v.*

*Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981).  *See also United States v. $292,888.04 in U.S.*

*Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is

discretionary, not mandatory.")  However, in "exceptional circumstances," a district court may

appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28

U.S.C.§ 1915(d)).  *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other*

*grounds,* 154 F.3d 952 (9th Cir. 1998) (emphasis supplied.)  To decide whether exceptional

circumstances exist, the court must evaluate both "the likelihood of success on the merits [and]

the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal

issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).  A plaintiff must plead facts that show he has an insufficient grasp of his case or the legal issue involved and an inadequate ability to articulate the factual basis of his claim.  *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

That a *pro se* litigant may be better served with the assistance of counsel is not the test. *Rand*, 113 F.3d at 1525.  Moreover, the need for discovery does not necessarily qualify the issues involved as "complex."  *Wilborn,* 789 F.2d at 1331.  Most actions require development of further facts during litigation.  But, if all that was required to establish the complexity of the relevant issues was a demonstration of the need for development of further facts, then practically all cases would involve complex legal issues.  *Id.*

Plaintiff states that he is unable to afford counsel, that his current confinement will limit his ability to litigate, that the issues are complex, that his has limited access to a law library and limited knowledge of the law.  These are not exceptional circumstances.  Plaintiff filed his complaint *pro se* and has demonstrated an ability to articulate his claims *pro se* in a clear fashion understandable to this Court.  In addition, Plaintiff was released from the Kitsap County Jail on January 7, 2013.  ECF No. 18, Exhibit A, Declaration of Ione S. George.  Thus, Plaintiff may access any law library he chooses and/or seek out an attorney to represent him.

Based on Plaintiff's allegations, the Court notes that this is not a complex case involving complex facts or law.  In addition, Plaintiff presents no evidence to show that he is likely to succeed on the merits of his case.  While Plaintiff may not have vast resources or legal training, he meets the threshold for a pro se litigant.  Concerns regarding investigation, access to legal resources or examination of witnesses are not exceptional factors, but are the type of difficulties

1   encountered by many pro se litigants. Plaintiff has failed in his burden to demonstrate an

2   inability to present his claims to this Court without counsel.

3           Accordingly, it is **ORDERED:**

4       (1)     Plaintiff's motion for counsel (ECF No. 16) is **DENIED.**

5       (2)     The Clerk shall send a copy of this Order to Plaintiff and counsel for Defendants.

6

7       **DATED** this <u>28th</u> day of January, 2013.

8

9   Karen L. Strombom

10   United States Magistrate Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER DENYING MOTION FOR COUNSEL- 3