UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LARRY LLOYD,<br><br>                    Plaintiff,<br><br>   v.<br><br>BRIAN YANKEY, JOHN DOE, P.A. JOHNSON, BRUCE KALER, SUE STEVEN,<br><br>                    Defendants. | No. C12-5913 RJB/KLS<br><br>ORDER DENYING MOTION TO COMPEL AND FOR SANCTIONS |

Before the Court is Plaintiff's Motion for Order to Compel and for sanctions. ECF No. 56. Having reviewed the motion, Defendants' response (ECF No. 59), and balance of the record, the Court finds that the motion should be denied.

## BACKGROUND

Plaintiff contends that he filed initial discovery requests in the form of interrogatories to (1) Defendant John Doe, Nurse Practitioner, on April 17, 2013; (2) Defendant Arlen Johnson on April 22, 2013; (3) Defendant Sue Steves, RN, on April 22, 2013, and (4) Requests for Production on Sue Stevens on May 1, 2013. ECF No. 56, at 4-5.

Defendants received the interrogatories directed to Arlen Johnson on April 25, 2013, the interrogatories directed to John Doe on April 22, 2013, and the interrogatories directed to Sue Stevens on April 24, 2013. ECF No. 59, Declaration of Kirtland Marsh. However, they have no record of receiving requests for production directed to Sue Steves. *Id.*, Declaration of Donna

ORDER - 1

Moniz.[1]  Although Plaintiff filed a "Request for Rule 26(f) Meeting" on April 17, 2013, he filed no Rule 37(a) certificate prior to filing his motion to compel.

## DISCUSSION

### A.   Failure to Meet and Confer

While a party may apply to the court for an order compelling discovery "upon reasonable notice to other parties and all persons affected thereby," the motion must also include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court intervention."  Fed. R. Civ. P. 37(a)(2)(B).  In addition, "[a] good faith effort to confer with a party or person not making a disclosure or discovery requires a face-to-face meeting or a telephonic conference."  Local Rule CR 37(a)(2)(A).

Plaintiff did not comply with the foregoing.  On April 17, 2013, he filed a "request for Rule 26(f) meeting."  ECF No. 39.  However, no such meeting was ever held and the first discovery conference between the parties was scheduled to occur on July 17, 2013, well after Plaintiff filed the motion herein.  ECF No. 59 at 3, Moniz Decl., ¶ 4.

The Court anticipates that the parties will or will have already conferred on any remaining discovery issues.  If the parties cannot come to an agreement despite a good faith effort to confer, Plaintiff may file a motion to compel, but must include a Rule 37(a)(2)(B) certificate and note with specificity only those issues that require the Court's intervention.

### B.   Discovery Provided with Defendants Response (ECF No. 59)

Defendants submitted with opposition to Plaintiff's motion to compel, Sue Stevens' responses to Plaintiff's first request for production and fifth set of interrogatories; Joe Doe,

---

[1] Defendants also state that they received Plaintiff's requests for admission directed to Bruce Kaler, M.D. on May 28, 2013.  Dr. Kaler's responses were submitted to Plaintiff on June 10, 2013.  ECF No. 59 at 3, Marsh Decl.

ORDER - 2

N.P.'s responses to Plaintiff's third set of interrogatories; and Arlen Johnson's responses to Plaintiff's fourth set of interrogatories. ECF No. 59, p. 5. Accordingly, Plaintiff's motion to compel these discovery responses is moot and shall be denied.

**C.     Second Set of Requests for Admission to John Doe and Sue Stevens**

Defendants state that they have no record of receiving Plaintiff's Second Set of Requests for Admission to John Doe or Plaintiff's Second Set of Requests for Admission to Sue Stevens. None of the enclosures to Plaintiff's motion demonstrate that these two discovery requests were properly served on the Defendants previous to the motion being filed. Defendants state that they are currently obtaining responses to these requests and the responses will be provided to Plaintiff in accordance with the discovery rules. ECF No. 59, p. 5. Accordingly, Plaintiff's motion to compel these discovery responses is denied.

**D.     Request for Sanctions**

Rule 37(d)(1)(B) provides that a motion for sanctions for failing to answer or respond must include a certification that the movant has in good faith conferred or attempted to confer with the party failing to act in an effort to obtain the answer or response without court action. As noted above, Plaintiff failed to submit a proper certification. Sanctions are inappropriate.

Accordingly, it is **ORDERED:**   Plaintiff's motion to compel and for sanctions (ECF No. 56) is **DENIED.**  The Clerk shall send a copy of this Order to Plaintiff and to counsel for Defendants.

**DATED** this 24th day of July, 2013.

Karen L. Strombom
United States Magistrate Judge

ORDER - 3